■ JOSEPH MALONEY, Respondent, v PENSION COMMITTEE OF THE JOINT INDUSTRY BOARD OF THE ELECTRICAL INDUSTRY et al., Appellants.—In an action for a judgment declaring the plaintiff's right to a disability pension, and to review a determination denying him such a pension, the defendants appeal from a judgment of the Supreme Court, Suffolk County (Morrison, J.), entered August 1, 1984, which, *inter alia,* declared that the plaintiff was entitled to a disability pension under the "Pension, Hospitalization and Benefit Plan of the Electrical Industry".

Judgment reversed, on the law, with costs, and it is declared that the plaintiff is not eligible to receive a disability pension under the "Pension, Hospitalization and Benefit Plan of the Electrical Industry".

The principal issue on this appeal is whether the plaintiff had satisfied the 10-year service requirement necessary for eligibility to receive a disability pension.

The union pension plan in issue provides for benefits to applicants who "have been employed by contributing Employers or available for employment for at least ten (10) years prior to the date of application", and authorizes the defendant Pension Committee of the Joint Industry Board of the Electrical Industry to adopt rules and regulations for the administration of the plan. The plan provides further that the Pension Committee's determination as to any matter or question under the agreement shall be final and conclusive.

The plaintiff attended college full time from September 1962 until his graduation in June 1966. During those years he worked in the electrical industry as a summer employee. In 1967, the plaintiff became a full-time member of the union and, except for a two-year period of military service from March 1968 to March 1970, continued to work in the industry until April 1974, when he terminated his employment due to a disability related to his military service. Subsequently, the plaintiff's application to receive disability pension benefits was denied by the Pension Committee based upon his failure to satisfy the 10-year service requirement.

The plaintiff has failed to show such an impropriety as to render the Pension Committee's determination arbitrary. Absent such a showing, the Pension Committee has complete discretion to decide questions of coverage and eligibility *(see, Mitzner v Jarcho,* 44 NY2d 39). This court's review is necessarily limited to whether the eligibility requirements or the application of these requirements to the particular facts is arbitrary or capricious *(see, Gitelson v Du Pont,* 17 NY2d 46).

In view of the fact that the plaintiff was not available for work during the period of his college education, and bearing in mind that the administrators of pension trust funds have the responsibility, as fiduciaries, to administer such funds in the interest of present, as well as future, beneficiaries of the plan, the plaintiff has failed to show that the decision denying him a disability pension was arbitrary or capricious *(see, Meckes v Cina,* 54 NY2d 894).

Under the circumstances, the defendants had a rational basis to deny the plaintiff's application for a disability pension. Accordingly, we conclude that Special Term improperly exercised its power of review and the decision denying the plaintiff a disability pension should be upheld. Mangano, J. P., Gibbons, Brown and Lawrence, JJ., concur.